IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL ALONSO, *et al.* | ) | Case No: 12-cv-07373 |
| | ) | |
| Plaintiffs, | ) | Hon. Joan H. Lefkow, U.S.D.J. |
| | ) | Hon. Sheila M. Finnegan, U.S.M.J. |
| - vs. - | ) | |
| | ) | |
| LESLIE J. WEISS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**Plaintiffs' Notice of Recent Authority
In Opposition to Defendants'
Motion To Dismiss the Complaint**

On February 6, 2012, Magistrate Jeffrey Gilbert issued a decision in the related *Securities and Exchange Commission v. The Nutmeg Group, LLC* case (Civil Action No. 09-cv-01775) in which he denied a motion for sanctions against Leslie Weiss, who is a defendant in this action and the receiver appointed in the *SEC v. Nutmeg* action. However, Magistrate Gilbert's decision also "annotated" a prior decision by the late Judge William J. Hibbler in order to specify that, even though Weiss had, at all relevant times, been in possession of certain documents concerning a "carried interest" amendment to the Mercury Fund partnership agreement, she nevertheless had filed a rule to show cause in which she incorrectly alleged that Randall Goulding, a defendant in the *SEC v. Nutmeg* action, had withheld those documents from her. Magistrate Gilbert's decision is annexed as Exhibit 1 hereto.[1]

_____

[1]Plaintiffs submit that this Court's Case Management Procedure "Motion for Leave to Cite Additional Authority" does not apply since the briefing is not closed on defendants' motion to dismiss. That Case Management Procedure states: "A motion for leave to cite additional authority made after briefing is closed shall be limited to the case title, its assigned number, the court, date of decision, the published citation or a slip copy, and an indication of the issue to

Magistrate Gilbert's decision is recent authority that is relevant to the Nineteenth Count in plaintiffs' complaint and defendants' motion to dismiss. The Nineteenth Count alleges that Weiss and defendant Barnes & Thornburg, LLC caused the waste of $18,013 in attorneys fees litigating the rule to show cause which sought to have Goulding turn over the Mercury/Carried Interest documents and hold him in contempt for not doing so despite the fact that Weiss was already in exclusive possession of those documents. Complaint, ¶¶272-276, 460-469. The Nineteenth Count is discussed at p. 2 of plaintiffs' Response to the Motion to Dismiss.

Specifically, Magistrate Gilbert's decision in the *SEC v. Nutmeg* case found that:

> In an order entered on 9/1/10 [230], the late Judge William J. Hibbler, who previously presided over this case, ordered Defendant Randall Goulding to produce to the Receiver and the SEC "evidence of investor approval of the Carried Interest or Mercury [Fund] Interest Increase. . . ." Defendants maintained at the time, and still maintain, that the Receiver already had in her possession whatever documents Nutmeg or Defendants had in their possession relating to investor approval of the referenced subjects when Nutmeg shut down, or that the Receiver had abandoned whatever such documents existed in Nutmeg's offices concerning those subjects.

> The issue was before the Court in September 2010 because the Receiver had filed a motion for a rule to show cause why Defendants should not be held in contempt of court for failing to produce the documents relating to Mercury Fund investor approvals and many other documents then being sought by the SEC and the Receiver [180]. Years after the fact, when Defendant Randall Goulding finally reviewed the Receiver's documents himself, he found documents evidencing investor approval of the matters referenced in Judge Hibbler's order of 9/1/10 [230]. It turns out that the Receiver Leslie Weiss had in her possession all along these documents that the Receiver had requested from Goulding in 2010, just as Goulding had said at the time. Accordingly, it now appears that the motion for a rule to show cause was not well-founded as to those documents when it was filed back in April 2010 [180].

which the movant believes the case pertains. No comment on the significance of the decision or its interpretation may be made and no responsive comment is permitted unless the court so requests."

2

Ex. 1, p. 1.

Magistrate Gilbert's decision further found that:

> Whether the Receiver had the documents in hard copy or on a computer disk or hard drive, however, the fact remains that she had them in her possession when she filed a motion for a rule to show cause why Defendants should not be held in contempt of court for not providing those documents to the Receiver. * * *
>
> As stated above, the Receiver already had those documents in her possession, and the Receiver was incorrect to assert that she did not have those documents back in 2010.

*Id.*, p. 2.

Plaintiffs respectfully request that the Court consider Magistrate Gilbert's decision in connection with the motion to dismiss.

Dated: February 12, 2013                         Respectfully submitted,

                                                 Berry Law PLLC

                                                 By: _____/s/ Eric W. Berry_____
                                                       Eric W. Berry  (2069524)
                                                 *Attorneys for plaintiffs*
                                                 185 Madison Avenue, 7th Floor
                                                 New York, New York   10038
                                                 (212) 355-0777