IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL ALONSO, *et al.*, | Case No: 12-cv-07373 |
| Plaintiffs, | Hon. Joan H. Lefkow, U.S.D.J. |
| | Hon. Sheila M. Finnegan, U.S.M.J. |
| - vs. - | |
| LESLIE J. WEISS, *et al.*, | |
| Defendants. | |

**Plaintiffs' Motion Pursuant to Federal Rules of Civil
Procedure 59(e) and 15(a)(2) for Modification of the Judgment
in Order to Permit them to File an Amended Complaint**

Plaintiffs Michael Alonso, *et al.* respectfully move for a modification of the July 22, 2013 judgment dismissing this action in order to permit them to file an amended complaint. In support of this motion, plaintiffs state:

1. In its July 22, 2013 decision the Court dismissed as untimely plaintiffs' sole federal claim. The Court then declined, under 28 U.S.C. §1367(c)(3), to assume discretionary supplemental jurisdiction over the remaining state and common law claims on the grounds that it had "dismissed all claims over which it had original jurisdiction."

2. The proposed amendment asserts a theory of federal subject matter jurisdiction that is distinct from that originally-pleaded federal question. Specifically, the amendment alleges that original jurisdiction in this Court exists under 28 U.S.C. §754[1] and is based on a "primary action," *i.e.*, *Securities & Exchange Commission v. The Nutmeg Group, LLC*, *et al.*, Civil Action

---

[1] 28 U.S.C. §754 which provides that a federally-appointed receiver "shall be vested with complete jurisdiction and control of all such property" and recognizes the receivers capacity to sue and be sued in the federal district courts.

No. 09-cv-1775 (SJC), in this District in which defendant Leslie Weiss, Esq. was appointed receiver and defendant Barnes & Thornburg was appointed as attorneys for the receiver.

   3. The proposed Amended Complaint (Ex. 4 to the accompanying August 19, 2013 declaration of Eric W. Berry) asserts, at paragraphs 102 and 103, that state and common law claims against a receiver may be prosecuted within the federal District Court that appointed by reason of the primary action in which the original jurisdiction of the Court exists -- here the *SEC v. Nutmeg* action -- and *regardless* of whether an independent basis of federal question is raised by the claims against the receiver.

   4. If the amendment is allowed, 28 U.S.C. §1367(c)(3), which permits dismissal of supplemental state law claims when all grounds establishing original federal jurisdiction are dismissed, becomes irrelevant. As demonstrated in plaintiffs' accompanying August 19, 2013 memorandum of law, the other circumstances which, under 28 U.S.C. §1367(c), justify declining the exercise of ancillary jurisdiction over state law claims are likewise inapplicable.

Dated: August 19, 2013

Respectfully submitted,

| | |
|---|---|
| Goodman Law Offices LLC | Berry Law PLLC |
| By: /s/Adam Goodman | By: /s/ Eric W. Berry |
|  Adam Goodman (6229333) |  Eric W. Berry (2069524) |
| 105 West Madison Street, Suite 1500 | 185 Madison Avenue, 7th Floor |
| Chicago, Illinois 60602 | New York, New York 10016 |
| (312) 238-9592 | (212) 355-0777 |
| (312) 264-2535 (fax) | (212) 750-1371 (fax) |
| adam@thegoodmanlawoffices.com | berrylawpllc@gmail.com |

*Attorneys for Plaintiffs*

## Certificate of Electronic Service

  Eric W. Berry, pursuant to 28 U.S.C. §1746, declares that the following is true and correct:

  On August 19, 2013, I served the foregoing Motion *via* the Clerk of the Court's Electronic Filing System

Dated: New York, New York           /s/Eric W. Berry
    Augustg 19, 2013