**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL ALONSO, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 12 C 7373 |
| ) | (consolidated with |
| ) | Case No. 15 C 4693) |
| v. ) | |
| ) | Judge Joan H. Lefkow |
| LESLIE J. WEISS, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

The remainder of defendants' motion to dismiss (dkt. 67) is granted. The claims against Leslie J. Weiss contained in counts V, VIII–XI, XIV, XV, and XVII of the Goulding complaint, and the claim against Barnes & Thornburg LLP contained in XIX are dismissed with prejudice. Goulding's motion to amend his complaint (Goulding dkts. 10, 12)[1] is denied. See Statement.

**STATEMENT**

**I.    Background**

The present motions arise from two consolidated cases: 12 C 7373 and 15 C 4693. In two opinion and orders, the court dismissed, in part, plaintiffs' amended complaint in 12 C 7373, leaving only the breach-of-fiduciary-duty claims against Leslie J. Weiss contained in counts IV through XX and the breach-of-fiduciary-duty claim against Barnes & Thornburg LLP ("Barnes") contained in count XIX. (*See* dkts. 35, 55.) Goulding commenced 15 C 4693 on May 28, 2015 by filing a complaint that is nearly identical to plaintiffs' amended complaint in 12 C 7373.

After the Executive Committee reassigned 15 C 4693 to this court's calendar on July 1, 2015, defendants moved to dismiss, arguing that the Goulding complaint should be dismissed to the same extent as the amended complaint in 12 C 7373 and that other counts are barred by the statute of limitations. (*See* dkts. 67, 69.) Goulding also moved to amend his complaint. (Dkt. 72.) On September 3, 2015, the court denied Goulding's motion to amend for failure to show good cause but granted defendants' motion in part, dismissing Goulding's complaint to the same extent as the amended complaint in 12 C 7373. (Dkt. 77.) The court then set a briefing schedule on defendants' arguments regarding the statute of limitations and reserved ruling on that portion of defendants' motion. (*Id.*) Those issues are now before the court for decision. Goulding has also filed a second motion to amend his complaint. (Goulding dkts. 10, 12.)

---
[1] References to the docket in 12 C 7373 are cited as (dkt.), while references to the docket in 15 C 4693 are cited as (Goulding dkt.).

1

## II. Defendants' Motion to Dismiss

Defendants argue that counts V, VIII–XI, XIV, XV, XVII, and XIX of the Goulding complaint are barred by the statute of limitations. Disposing of a claim "as untimely at the pleading stage is an unusual step, since a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations." *Cancer Found., Inc.* v. *Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674–75 (7th Cir. 2009). But dismissal is appropriate when facts pleaded in the plaintiff's complaint or subject to judicial notice establish that the complaint is untimely. *See Ennenga* v. *Starns*, 677 F.3d 766, 773 (7th Cir. 2012); *Cancer Found., Inc.*, 559 F.3d at 675.

Counts V, VIII–XI, XIV, XV, and XVII bring claims for breach of fiduciary duty against Weiss, and those counts are subject to a five-year statute of limitations. *See* 735 Ill. Comp. Stat. 5/13-205; *Havoco of Am., Ltd.* v. *Sumitomo Corp. of Am.*, 971 F.2d 1332, 1337 (7th Cir. 1992). Count XIX brings a claim for breach of fiduciary duty against Barnes, which is subject to the two-year statute of limitations that applies to suits against attorneys. *See* 735 Ill. Comp. Stat. 5/13-214.3; *Mitchell* v. *Schoen*, No. 11 C 994, 2012 WL 1419042, at *2 (N.D. Ill. Apr. 24, 2012). Under Illinois's discovery rule, these claims accrue "when the plaintiff knows or reasonably should know of his injury and knows that it was wrongfully caused." *McWane, Inc.* v. *Crow Chi. Indus., Inc.*, 224 F.3d 582, 585 (7th Cir. 2000); *see also* 735 Ill. Comp. Stat. 5/13-214.3(b). "This is the point where the injured party possesses information sufficient to put a reasonable person on inquiry to determine whether actionable conduct is involved." *Melko* v. *Dionisio*, 580 N.E.2d 586, 591, 219 Ill. App. 3d 1048, 162 Ill. Dec. 623 (1991). "[I]t is not necessary that a plaintiff know the full extent of his injury, but only enough to put him on notice of the need to investigate further." *See Draper* v. *Pickus*, No. 04 C 8150, 2007 WL 809679, at *6 (N.D. Ill. Mar. 15, 2007). A plaintiff seeking to take advantage of the discovery rule bears the burden of proving the date of discovery. *See Hermitage Corp.* v. *Contractors Adjustment Co.*, 651 N.E.2d 1132, 1138, 166 Ill. 2d 72, 209 Ill. Dec. 684 (1995).

Because Goulding filed suit on May 28, 2015, his claims are time-barred if they accrued prior to May 28, 2010 with respect to his claims against Weiss and May 28, 2013 with respect to his claim against Barnes.

### A. Claims Against Weiss

#### 1. Count V

Count V alleges that Weiss breached her fiduciary duty by failing to collect a judgment on behalf of some of the funds against RMD Entertainment Group, Inc. ("RMD"). (Goulding dkt. 1 ("Compl.") ¶¶ 68–86.) According to Goulding's complaint, Goulding notified Weiss of the existence of the judgment in July 2009 and emailed her on October 21, October 29, and December 24 of that year to urge her to take efforts to collect it. (*Id.* ¶¶ 70, 72, 75, 78.) After Goulding emailed her again on January 13 and 14, 2010, Weiss emailed Goulding on January 20 to let him know that she was taking RMD's claim seriously that the judgment was illegitimate. (*Id.* ¶¶ 79–81.) Goulding alleges that after that email, Weiss "took no action whatsoever" to collect the judgment. (*Id.* ¶ 84.) Goulding does not dispute that Weiss's January 20, 2010 email

gave him enough information to determine whether actionable conduct was involved. Accordingly, count V is time-barred.

### 2. Count VIII

Count VIII alleges that Weiss breached her fiduciary duty by failing to sell stock held by one of the funds in an entity known as Secured Financial, and by failing to convert debentures from Secured Financial into stock. (*Id.* ¶¶ 102, 104.) Goulding asserts that he advised Weiss to sell the Secured Financial stock in July 2009 but contends that she "took no action in response," depriving the fund of the proceeds of a lucrative sale. (*Id.* ¶¶ 102–03.) Further, Goulding alleges that Weiss failed to convert any portion of the remaining debt to stock and ultimately settled the obligation for $190,000 "according to the Third Interim Report she filed with the Court in January 2010." (*Id.* ¶ 105.) Although Goulding argues that he did not learn of the settlement until Weiss filed her seventh interim report in October 2010, an argument on which he expands in his second motion to amend, Goulding's argument is expressly contradicted by the allegations of his complaint, where he alleges that he learned of the settlement in January 2010. At the pleading stage, the court must accept as true the allegations of a plaintiff's complaint. *See Active Disposal, Inc.* v. *City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). Given that the complaint establishes that Goulding reasonably should have known of his alleged injury by January 2010, count VIII is time-barred.

### 3. Count IX

Count IX asserts that Weiss breached her fiduciary duty by terminating a transaction that was "highly beneficial" to some of the funds. (Compl. ¶ 117.) Goulding maintains that he notified Weiss of the transaction in July 2009 but alleges that in December 2009, Weiss "threatened to oppose it in Court" and that, as a result, the transaction was "terminated" that same month. (*Id.* ¶¶ 127, 132.) Although Goulding argues that the transaction was not completely rescinded until August 2012, he does not dispute that a reasonable person would have been on notice of the alleged injury by December 2009. Accordingly, count IX is time-barred.

### 4. Count X

Goulding alleges in count X that Weiss breached her fiduciary duty by failing to pursue an advantageous state-court lawsuit against Nanobac Pharmaceutical, Inc. that had been previously filed. (*Id.* ¶¶ 134–45.) Goulding's complaint indicates that the lawsuit was dismissed without prejudice on March 25, 2010, making count X untimely. (*Id.* ¶ 140.) Goulding, however, argues that he did not learn of the dismissal until later in 2010 and that because the suit was dismissed without prejudice, it could have been refiled within one year under Illinois law. Goulding's arguments fail. Indeed, a reasonable person would have known of the dismissal on March 25, 2010 because court filings are publicly available documents. *See Ropiy* v. *Hernandez*, 842 N.E.2d 747, 754, 363 Ill. App. 3d 47, 299 Ill. Dec. 710 (2005) ("[M]atters which are of public record serve as constructive notice." (citation omitted)). Moreover, while Goulding may not have known the full extent of his injury given that the dismissal was without prejudice, he was certainly on notice of the need to investigate further. As such, count X is time-barred.

### 5. Count XI

Count XI alleges that Weiss breached her fiduciary duty when she failed to use a convertible debenture held by one of the funds in North Bay Resources, Inc. to the fund's advantage. (Compl. ¶ 147.) According to the complaint, Goulding notified Weiss of the debenture in July 2009 and asked Weiss's law partner to enforce the fund's rights in November of that year. (*Id.* ¶¶ 147–48.) Goulding does not dispute that he knew that Weiss had failed to act on the opportunity by November 2009. Count XI is therefore time-barred.

### 6. Count XIV

In count XIV, Goulding asserts that Weiss breached her fiduciary duty when she voluntarily dismissed a state-court lawsuit filed on behalf of one of the funds. (*Id.* ¶¶ 159–60.) Although the complaint does not specify when the suit was dismissed, defendants attach the dismissal order to their brief, which was entered on May 6, 2010, and of which the court may take judicial notice. (*See* dkt. 69-1); *Ennenga*, 677 F.3d at 773 (noting that a court may take judicial notice of matters of public record in determining whether claims are time-barred). Goulding's argument that he did not learn of the lawsuit until a later date fails for the reasons discussed in connection with count X.

### 7. Count XV

Count XV alleges that Weiss breached her fiduciary duty when she failed to respond to an objection by the Securities and Exchange Commission ("SEC") to a reorganization plan proposed by the Nutmeg Group, LLC and other creditors of Tropical Beverage, Inc. (Compl. ¶¶ 161–77.) Goulding alleges that he alerted Weiss to the issue in July 2009 but maintains that she did nothing "to address the SEC's objections." (*Id.* ¶ 171.) Goulding does not dispute that he knew that Weiss had failed to take action by July 2009. Accordingly, count XV is time-barred.

### 8. Count XVII

Count XVII alleges that Weiss breached her fiduciary duty when she failed to convert debt held by some of the funds into stock in Mike the Pike, Inc. ("MTP") in September 2009 and January 2010. (*Id.* ¶¶ 180–86.) According to Goulding, Weiss "ignored [his] emails . . . until January 21, [2010],[2] when she finally emailed [him] requesting his contact information for the" MTP principals. (*Id.* ¶ 183.) Given his allegation that Weiss missed "substantial opportunities for profits" in the fall of 2009, (*id.* ¶¶ 184–85), and his assertion that Weiss failed to respond to his emails until January 2010, Goulding does not dispute that he had notice of his asserted injury well before May 28, 2010. Count XVII is time-barred.

### B. Claim Against Barnes

In count XIX, Goulding alleges that Barnes breached its fiduciary duty by filing a frivolous motion to compel against him in the suit the SEC filed against Goulding. (*Id.* ¶¶ 193–

---

[2] Although the complaint identifies the year as 2009, this appears to be a typographical error.

99.) The complaint states that Barnes filed the motion on April 9, 2010, well before the statute-of-limitations cut-off date of May 28, 2013. (*Id.* ¶ 195.) Goulding's only argument in response is that Barnes's illicit conduct was not completed until the motion was dismissed on October 12, 2010. Even accepting Goulding's argument as true, the claim would still be untimely under the applicable two-year statute of limitations. Count XIX is time-barred.

### C. Goulding's Remaining Arguments

Goulding raises two arguments not addressed above, neither of which is persuasive. First, he argues that the challenged claims are timely because they relate back to the time plaintiffs filed their nearly identical complaint in 12 C 7373. Goulding's argument is based on Federal Rule of Civil Procedure 15(c), which sets forth the circumstances under which an amendment to a pleading relates back to the date of the original pleading. It is well established, however, that Rule 15(c) only applies to amended pleadings in the same action as the original, timely pleading. *See Bailey* v. *N. Ind. Pub. Serv. Co.*, 910 F.2d 406, 412–13 (7th Cir. 1990); *Fraser* v. *Rodriguez-Espinoza*, No. 14 C 1046, 2014 WL 4783095, at *5 (N.D. Ill. Sept. 24, 2014). Because the complaint in 12 C 7373 was filed in a separate action, Goulding's subsequent complaint does not relate back under Rule 15(c).

Second, Goulding contends that his claims are not time-barred because Weiss's breaches of fiduciary duty are continuing violations and that therefore the statute of limitations has either not yet begun to run or started running at a later point than defendants claim. The continuing-violation exception to the statute of limitations, however, applies only to tort claims and does not apply to claims arising from other bodies of substantive law. *See In re marchFIRST Inc.*, 589 F.3d 901, 904 (7th Cir. 2009). In Illinois, a breach of fiduciary duty is not a tort and is "controlled by the substantive laws of agency, contract, and equity." *Kinzer ex rel. City of Chi.* v. *City of Chi.*, 539 N.E.2d 1216, 1220, 128 Ill. 2d 437, 132 Ill. Dec. 410 (1989) (internal citations omitted). Accordingly, the continuing-violation doctrine does not save Goulding's claims. *See Uppal* v. *Rosalind Franklin Univ. of Med. & Sci.*, No. 15 C 3806, 2015 WL 5062823, at *3 (N.D. Ill. Aug. 26, 2015) (dismissing breach-of-fiduciary-duty claim as time-barred and noting that Illinois "courts have consistently rebuffed efforts by plaintiffs to apply Illinois' continuing violation rule to breach of fiduciary duty claims" (collecting cases)).

## II. Goulding's Motion for Leave to Amend

Finally, Goulding moves to amend his complaint to alter language contained in count VIII. As noted above, that count is time-barred because the allegations of Goulding's complaint indicate that he learned of Weiss's allegedly inadequate settlement of Secured Financial's debt obligation in Weiss's third interim report in January 2010. Now, Goulding seeks to amend his complaint to provide that he only learned of the settlement through Weiss's seventh interim report in October 2010. Goulding's proposed amendment appears to be a tacit attempt to bring count VIII within the statute of limitations.

While the attachments to Goulding's motion support his assertion that Weiss's settlement was not disclosed until her seventh interim report, (*see* Goulding dkt. 12-2 at 7), Goulding's proposed amendment will not be permitted. The deadline to amend the pleadings set forth in this

5

court's scheduling order has long since passed (*see* dkt. 62 (setting August 15 as the cut-off date)), and Goulding must therefore demonstrate good cause for the amendment. *See* Fed. R. Civ. P. 16(b)(4). "In making a Rule 16(b) good cause determination, the primary consideration . . . is the diligence of the party seeking amendment." *Alioto* v. *Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). Here, as before, Goulding has offered no explanation for his delay. Because he acted with insufficient diligence, his motion for leave to amend will be denied.

Date: November 12, 2015

_____
U.S. District Judge Joan H. Lefkow